**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Philip Giroux

   v.                                 Civil No. 06-cv-250-PB

Town of Danbury, New Hampshire, et al.[1]

**O R D E R**

Philip Giroux has filed a complaint (document no. 1) pursuant to 42 U.S.C. §§ 1983 & 1985(3) alleging that the defendants have conspired to violate his constitutional and statutory rights. Because Giroux is proceeding both pro se and in forma pauperis, the matter is before the Court for preliminary review to determine whether the complaint states any claim upon which relief might be granted. See 28 U.S.C. § 1915(e)(2); United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).

---

[1] The plaintiff names the following defendants to this action: The Town of Danbury, Danbury Police Chief Dale Cook, Danbury Police Officer Andrew Ware, Danbury Selectman Twila Cook, Danbury Selectman Steven Gordon, Danbury Workshop, Inc. ("DWI"), DWI Board member James Larkin, DWI Board Chairperson Audrey Pellegrino, DWI Board Treasurer Sara Blay, DWI Director Terri Towle, and Thomas Blay.

As explained fully in a Report and Recommendation issued simultaneously with this Order, and without commenting on the merits of the complaint, I find that Giroux has alleged three federal claims upon which relief might be granted: (1) that Giroux was deprived of his First Amendment right to free speech; (2) that Giroux was deprived of his First Amendment right to petition the government for a redress of grievances, and (3) that Giroux was subjected to an illegal seizure of his person when he was arrested on September 2, 2003.  Additionally, I find that Giroux has alleged three state law claims that arise out of the same facts as these federal claims: false arrest, intentional infliction of emotional distress, and negligent infliction of emotional distress.  I will exercise this Court's supplemental jurisdiction over those claims, see 28 U.S.C. § 1367 and allow them to go forward with the federal claims.  I direct that all of these claims be served against defendants Dale Cook and Andrew Ware.  In the Report and Recommendation issued simultaneously with this Order, I recommend the dismissal of the remaining claims and defendants from this action.

My review of the file indicates that Giroux has filed summons forms for both Dale Cook and Andrew Ware.  The Clerk's

office is directed to issue the summonses against these defendants and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summonses and copies of the complaint (document no. 1), the Report and Recommendation issued simultaneously with this Order, and this Order.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon Defendants.  See Fed. R. Civ. P. 4(c)(2).

Defendants are instructed to answer or otherwise plead within twenty days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: October 31, 2006

cc:    Philip Giroux, pro se